On respondent - cross-appellants' motion to reconsider filed July 14, on appellant - cross-respondents' petition for reconsideration filed July 22, former opinion filed July 2, 1986 (80 Or App 220, 721 P2d 881), respondnts - cross-appellants' motion for reconsideration denied, appellants - cross-respondents' petition for reconsideration allowed, reversed and remanded with instructions to enter judgment for appellants on the appeal, affirmed on cross-appeal September 10, petition for review allowed December 16, 1986 (302 Or 460)

CAMPBELL et al,
*Respondents - Cross-appellants,*

*v.*

KARB et al,
*Appellants - Cross-respondents.*

(16-79-06435; CA A31334)

724 P2d 918

James B. Ehrlich and Larry O. Gildea, P.C. Eugene, for the motion.

Kurtis M. Lombard and Lombard, Gardner, Honsowetz, Brewer & Schons, Eugene, for petition.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiffs filed a motion for reconsideration and defendants have filed a petition for review of our decision in this case. We treat them as petitions for reconsideration and allow defendants' petition and deny plaintiffs' motion.

■ Plaintiffs brought an action against the sellers of real property for, among other things, damages for breach of a covenant against encumbrances. We reversed the trial court's award of damages for the cost of obtaining a survey and affirmed an award of $10,000, which we mistakenly characterized as defense expenses incurred in obtaining a settlement with International Paper Company to remove the encumbrance. Contrary to plaintiffs' motion to reconsider, we did not intend to reverse the portion of the trial court's judgment which specifically disallowed the defense expenses. In their petition for review, defendants correctly note that the trial court did not award the $10,000 for expenses incurred by plaintiffs in settling the dispute with International Paper, but as part of costs awarded to the prevailing party in this case.

■ Because we reversed the award which gave plaintiffs prevailing party status, the award of attorney fees and costs must likewise be reversed.

Respondents - cross-appellants' motion for reconsideration denied; appellants - cross-respondents' petition for reconsideration allowed. Reversed and remanded with instructions to enter judgment for appellants on the appeal; affirmed on the cross-appeal.